IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY S. ROBERTS :
         Plaintiff, :
: CIVIL ACTION NO. 17-476
v. :
:
INSERVCO INSURANCE SERVICES, INC. :
         Defendant. :

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                                    September 25, 2018

Defendant Inservco Insurance Services, Inc. has filed a motion to dismiss Plaintiff Gregory Roberts's Third Amended Complaint for failure to state a plausible claim to relief. For the following reasons, the motion will be granted.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, has filed this suit, which appears to relate to a complex and long-running workers' compensation case in Pennsylvania state court. Plaintiff was injured during his employment with the Youth Development Center ("Employer"), retired, and began receiving workers' compensation benefits.[1] Eventually, Employer sought to suspend those benefits and the dispute was brought before the Pennsylvania Commonwealth Court.[2] The Commonwealth Court held that Plaintiff voluntarily withdrew from the workforce and granted Employer's suspension petition.[3]

---

[1] *Dep't of Pub. Welfare/Norristown State Hosp. v. Workers' Comp. Appeal Bd. (Roberts)*, 29 A.3d 403, 404 (Pa. Commw. Ct. 2011) ("*Roberts I*").

[2] *Id.* at 406.

[3] *Id.* at 407.

Plaintiff's case was remanded to determine the exact date that his benefits should have been suspended.[4] The Workers' Compensation Judge ("WCJ") found that date to be June 5, 1999 and the Workers' Compensation Appeal Board ("Board") affirmed.[5] Plaintiff did not appeal this decision but later filed a penalty petition alleging Employer's failure to pay him his benefits.[6] The case again went before the Commonwealth Court which found that Plaintiff was attempting to use the penalty petition to challenge the ruling in *Roberts I*.[7] The Commonwealth Court ruled that Plaintiff was barred from re-litigating this issue because he had failed to appeal the Board's affirmation that his benefits should have been suspended on June 5, 1999.[8]

Plaintiff has now filed this action against Inservco, alleging that Defendant has "assumed the handling" and "accepted responsibility" of his claim. Although the Third Amended Complaint is difficult to parse, Plaintiff states facts relating to the previous litigation and alleges that the appeal in *Roberts I* was improper. Plaintiff alleges that his First and Fourteenth Amendment rights were violated, and seeks relief in the form of monetary damages including compensatory damages for his suspended benefits, interest, penalties, and punitive damages.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of any claim where the district court lacks subject matter jurisdiction.[9] When considering a 12(b)(1) motion, the court "review[s] only whether the allegations on the fact of the complaint, taken as

---

[4] *Id.* at 408.

[5] *Roberts v. Workers' Comp. Appeal Bd. (Dep't of Public Welfare)*, No. 2159 C.D. 2014, 2015 WL 5511171, *1 (Pa. Commw. Ct. Aug. 14, 2015) ("*Roberts II*").

[6] *Id.* at *2.

[7] *Id.* at *3.

[8] *Id.*

[9] Fed. R. Civ. P. 12(b)(1).

true, allege facts sufficient to invoke the jurisdiction of the district court."[10] When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion.[11]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"[12] lacks enough substance to show that he is entitled to relief.[13] In determining whether a motion to dismiss should be granted, the Court must consider only those facts alleged in the complaint, accepting all allegations as true and drawing from reasonable inferences in favor of the plaintiff.[14] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[15] Something more than a mere possibility of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[16] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory,"[18] but a "formulaic recitation"[19] of

---

[10] *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994) (citations omitted).

[11] *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[14] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[15] *Twombly*, 550 U.S. at 555, 564.

[16] *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Iqbal*, 556 U.S. at 678.

[18] *Twombly*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[19] *Id.* at 545, 555.

the elements is insufficient. The Court has no duty to "conjure up unpleaded facts that might turn a frivolous…action into a substantial one."[20]

**III. DISCUSSION**

Plaintiff's claims are barred by the Rooker-Feldman doctrine as the Complaint is in essence an attempt to re-litigate his workers' compensation case. Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments.[21] There are four requirements that must be met for the doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."[22] In determining whether the alleged injuries were caused by the state court judgment the critical task is "to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'"[23]

The Commonwealth Court ruled against Plaintiff in *Roberts I* and *Roberts II* and those judgments were rendered before Plaintiff filed this action in federal court.[24] Plaintiff has invited the Court to review the *Roberts I* decision by arguing that he is entitled to relief from the

---

[20] *Id.* at 562 (quoting *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42–43 (6th Cir. 1988)).

[21] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).

[22] *Id.* at 166 (quotation marks omitted) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[23] *Id.* at 167 (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 442 F.3d 77, 88 (2d Cir. 2005)).

[24] *See generally Roberts I*, 29 A.3d 403; *Roberts II*, 2015 WL 5511171. *Roberts I* was decided on June 21, 2011, *Roberts II* was decided on August 14, 2015, and Plaintiff filed his First Complaint with the Court on February 1, 2017.

Commonwealth Court's judgment.[25] Plaintiff asserts that his injuries were caused by the suspension of his benefits resulting from the *Roberts I* decision.[26] It was the Commonwealth Court decisions that resulted in the suspension of Plaintiff's benefits, and therefore, are the source of Plaintiff's alleged injury. There are no allegations that Defendant has taken any actions not mandated by the Commonwealth Court decisions. The four requirements of the Rooker-Feldman doctrine are therefore satisfied and Plaintiff's claims will be dismissed.

## IV. CONCLUSION

The motion to dismiss will be granted. In civil rights cases, "district courts must offer amendment – irrespective of whether it was requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[27] Plaintiff already has had several opportunities to amend, and further amendment would be futile because he has not alleged a claim that this Court may adjudicate. Therefore, the Third Amended Complaint will be dismissed with prejudice. An appropriate order will be entered.

---

[25] Pl.'s Am. Compl. 3, Dec. 7, 2017, ECF No. 23.

[26] *Id.* at 4 ("My suspension caused me to lose 290 weeks of Workers Compensation Benefits.").

[27] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).